UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| DOUGLAS W. R. ADAMS | ) |
| | ) |
| v. | ) NO. 2:05-CV-92 |
| | ) |
| OTTO PURKEY; ROOKIE INMAN | ) |

**MEMORANDUM and ORDER**

Douglas W. R. Adams, a state prisoner in the Hamblen County Jail in Morristown, Tennessee, brings this civil rights complaint under 42 U.S.C. § 1983. The plaintiff's application to proceed *in forma pauperis* is **GRANTED.** However, since he is a prisoner, he is **ASSESSED** the full filing fee of two hundred, fifty dollars ($250.00). 28 U.S.C. § 1914(a); *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir.1997).[1]

---

[1] A prisoner who files a federal civil case *in forma pauperis* must be assessed the entire filing fee. Typically, after the fee has been assessed, the custodian of inmate trust accounts at the facility wherein the prisoner is housed is ordered to submit installment payments to the Clerk of Court, until the full amount of the filing fee has been paid. The Court takes judicial notice that, in another Hamblen County prisoner's case, the plaintiff submitted a statement signed by the Chief Jailer, stating that the facility does not keep or maintain prisoner trust accounts. *See Flannery v. Hamblen County Sheriff's Dep't Medical Staff*, Civil Number 2:-5-cv-148, Doc. 6. Thus, the Court concludes that the plaintiff has no inmate trust fund from which to draw periodic payments to satisfy the filing fee. Nevertheless, the plaintiff has been assessed the filing fee and this constitutes a financial obligation on the part of the plaintiff.

In his complaint, the plaintiff alleges that he has been subjected to various conditions in the Hamblen County Jail which violate the Cruel and Unusual Punishment provision of the Eighth Amendment. These claimed unconstitutional conditions include: 1) forcing inmates to sleep on the floor, presumably because of the lack of bedding and/or space (the plaintiff himself has slept on the floor for 9 out of the last 12 months); 2) housing them in areas infested with cockroaches, which crawl into the inmates' ears; 3) denying medical care by providing medical staff members uninterested in rendering medical attention to inmates—indeed, inmates' medical requests are usually discarded; 4) using food as a source of punishment for a rule infraction, rather than punishing the offender, as required in the inmate rule book, with a 24-hour period of lock down; 5) supplying small portions of cold food and no flavored drinks; 6) inflicting group punishment instead of punishing the individual(s) who actually violated the rules; 7) placing rule offenders for two or more days in the drunk tank, which is stained with human waste and vomit and leaving them to sleep on the floor, without a mattress, nude and freezing in the cold; and 8) denying inmates cleaning materials, though many of the bars and ceilings in the cells are have blood or human excrement on them.

Other conditions which allegedly exist at the jail are: 9) that African American inmates enjoy more favorable treatment, including being furnished special (non-pork) diets, than inmates of other races and 10) that there is no commissary where an inmate, such as the plaintiff, who does not eat pork—yet is not furnished meals with pork-substitutes, can supplement his diet. In a claim that,

perhaps, is connected to the claims regarding the lack of a pork-free diet, the plaintiff alleges 11) that he has been unable to obtain religious materials. The Court infers that, in these last three claims, the plaintiff is alleging claims for violation of his rights to free exercise of his religion and to equal protection of the law, as guaranteed in the First and Fourteenth Amendments to the United States Constitution.

A federal court which is presented with a prisoner's civil action first must determine whether the plaintiff has exhausted his administrative remedies by offering the correctional authorities an opportunity to address his complaints. *See* 42 U.S.C. § 1997e; *Brown v. Toombs*, 139 F.3d. 1102, 1103-04 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). Satisfaction of this requirement entails filing a grievance concerning each claim stated in the complaint. *See Northington v. DeForest*, 215 F.3d. 1327 ((Table, text at 2000 WL 659260 *1 (6th Cir. May 11, 2000) (citing *Brown,* 139 F.3d at F.3d. 1102) and noting the lack of documentation showing prisoner had exhausted his administrative remedies as to "*each* of the claims raised in his complaint")).

Exhaustion is mandatory and applies to all inmate suits about prison life, including general prison conditions and single incidents that affect only particular prisoners. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). In order to satisfy the requirements of § 1997e(a), "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint." *Knuckles El v. Toombs*, 215 F.3d 640,

3

642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000). It is the prisoner's burden to demonstrate that he has exhausted such remedies as to all claims arising from his confinement and, in fulfilment of his burden, he should attach to his complaint a copy of the administrative decision showing the administrative disposition of his complaint. *Brown,* 139 F.3d at 1104. A district court must enforce the exhaustion requirement *sua sponte*. *Id.*

The plaintiff asserts, in paragraph II of his complaint, that the Hamblen County Jail has a grievance procedure and that he "filed grievance forms on each complaint, sent them out to the Lt. and the Sheriff on (5) five different ocassions (sic)" and that he has not "gotten any reply to any issue stated" in his grievances. In separate sheet of paper which contains his "Statement of Claim," he maintains that the Jail's grievance procedure does not work and that grievances "don't get answered."

The plaintiff, however, has not attached a copy of any of his grievances. Nor has he specifically described the nature of the grievances. *See Knuckles El*, 215 F.3d at 642. Apart from his conclusory assertions that he filed grievances "on each complaint," there is absolutely no evidence to show that the plaintiff has exhausted his administrative remedies by presenting the facts underlying his § 1983 claims to the jail authorities. *See Williams v. Johnson*, 20 Fed.Appx. 365, *367, 2001 WL 1136022, **1 (6th Cir. Sept. 20, 2001).

The Sixth Circuit has held that a complaint must be dismissed *sua sponte* where a plaintiff fails to allege exhaustion of administrative remedies with

"particularized averments." *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002). It has also held that every single claim must be exhausted through the grievance system and that the PLRA requires a complete dismissal of a prisoner's complaint when he alleges both exhausted and unexhausted claims. *Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005).

The Court has reviewed the plaintiff's allegations concerning the exhaustion issue and does not find that he has made particularized averments to show that he has exhausted his administrative remedies as to all claims raised in his complaint.[2] Accordingly, because the plaintiff has the burden of showing he has exhausted his administrative remedies with respect to the claims raised in his § 1983 complaint and because he has failed to carry his burden in this instance, this action will be **DISMISSED** without prejudice for failure to exhaust administrative remedies.

ENTER:

s/Thomas Gray Hull
THOMAS GRAY HULL
SENIOR U. S. DISTRICT JUDGE

---

[2] A prisoner who makes detailed averments as to every claim raised in his complaint, specifically describing: 1) the grievance proceedings in which he presented to jail authorities the facts underlying his § 1983 claims and 2) the outcome of those proceedings, exhausts his administrative remedies. *Boyd v. Corrections Corp. of America*, 380 F.3d 989, 996-97 (6th Cir. 2004). This is so, regardless of whether he receives a response to his grievance. *Id.*